UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYLAN JOHN EARICK,

    Plaintiff,

v.

BROCK,

    Defendant.

Case No. 2:21-cv-10184
District Judge Denise Page Hood
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 15)[1]

### I.   Introduction

This is a civil rights case under 42 U.S.C. § 1983.  Plaintiff Dylan John Earick (Earick), proceeding *pro se*, filed a complaint naming several defendants including Brock, a sergeant at the Genesee County Jail.[2]  He alleges that Brock violated his right of access to the courts.  *See* ECF No. 1.  Before the Court is Brock's motion to dismiss.  (ECF No. 15).  The motion was referred to the

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).
[2] All of the defendants except Brock were dismissed upon initial screening of the complaint.  *See* ECF No. 8.

1

undersigned. (ECF No. 17). For the reasons set forth below, the undersigned RECOMMENDS that the motion be GRANTED.

## II. Background

Earick alleges that on multiple occasions Brock denied him "proper postage for legal filings as well as copies of necessary legal documents and legal materials." (ECF No 1., PageID.2). Brock's actions affected Earick's ability as a "pro-per defendant in a criminal case" to challenge the conditions of his confinement and prepare for a criminal appeal. (*Id*., PageID.3). Earick says that the denial of postage, copies of legal documents, and legal materials violated his right to due process under the Fifth and Fourteenth Amendments, his right to be free from cruel and unusual punishment under the Eighth Amendment, and his right to equal protection of the laws under the Fourteenth Amendment. (*Id*., PageID.2). He alleges these actions took place on December 4, 5, and 9, 2020. (*Id*., PageID.3). He further claims that Brock's actions violated 18 U.S.C. §§§ 241, 248, and 1503. (*Id*.).

## III. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . . [N]either may the Court 'conjure up unpled allegations[.]' "

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

IV. Analysis

As a preliminary matter, under a liberal reading of the complaint, Earick is asserting an access to the courts claim against Brock. Such a claim sounds in the First Amendment, not the Fifth, Eighth, or Fourteenth Amendments.[3] *See, e.g., Webb v. Harlan Cnty., Ky.*, No. 6:19-CV-070-CHB, 2019 WL 5424953, at *4 (E.D. Ky. Oct. 23, 2019) ("Webb next appears to be asserting a First Amendment claim alleging a denial of access to the courts. After all, Webb complains that the HCDC was not 'legal friendly,' he did not have access to a law library, and officials would not let him retrieve unspecified legal documents from his 'stored jail property' and refused to provide him with copies, a notary service, stamps, and large manila envelopes."). Here, Earick complains that Brock denied him access to postage, copies of legal documents, and legal materials. Thus, the undersigned

---

[3] Earick's status in jail is unknown. "Allegations of denial of access to legal materials by a pre-trial detainee could arise under either the First or Fourteenth Amendments." *Sullivan v. McFaul*, No. 1:07 CV 2686, 2007 WL 4287848, at *1 (N.D. Ohio Dec. 5, 2007). Since it is unclear whether Earick is a pretrial detainee, the undersigned has analyzed his allegations under the First Amendment and notes that the standards are essentially the same as a pre-trial detainee has the right to access legal materials and the assistance of an attorney during the course of his criminal trial. *See id. See also United States v. Smith*, 907 F.2d 42, 44 (6th Cir.1990); *Watson v. McFaul*, No. 1:07 CV 1994, 2007 WL 3125137, at *1–2 (N.D. Ohio Oct. 24, 2007).

4

construes Brock's complaint as asserting an access to the courts claim under the First Amendment against Brock.

Despite referencing several amendments in the complaint, Earick has not plead any facts to support claims under these constitutional amendments. The facts in his complaint solely support an access to the courts claim. The Fifth Amendment provides due process protections to individuals, however, it "circumscribes only the actions of the federal government." *Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). Brock is an employee of the Genesee County Jail, not the federal government. Thus, Earick cannot state a claim against him under the Fifth Amendment. Meanwhile, the Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Earick states in his complaint that cruel and unusual punishment was inflicted upon him. (ECF No. 1, PageID.3). However, the only facts alleged relate to denial of postage, copies of legal documents, and legal materials. None of the alleged conduct involves the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Accordingly, Earick has failed to plead any facts to support an Eighth Amendment claim for cruel and unusual punishment. Finally, the Fourteenth Amendment provides due process protections and guarantees "equal protection of the laws." U.S. Const. amend. XIV. Notably, the Sixth Circuit has found it more appropriate to view the right of access to the

courts as a First Amendment right to petition claim rather than a Fourteenth Amendment claim. *Valot v. Se. Loc. Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1226 (6th Cir. 1997) (citing *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1427-1428 (8th Cir.1986)). Accordingly, the undersigned will employ a First Amendment, rather than a Fourteenth Amendment, framework to analyze Earick's access to the courts claim.

"Inmates have a constitutionally protected right of access to the courts." *Thomas v. Rochell*, 47 F. App'x 315, 317 (6th Cir. 2002). "However, the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources." *Id*. "To establish a violation of the right of access to the courts, a prisoner must show that prison officials inflicted an 'actual injury.'" *Kirschke v. MacLaren*, No. 18-1606, 2018 WL 6177162, at *2 (6th Cir. Nov. 8, 2018) (quoting *Lewis v. Casey*, 518 U.S. 343, 351-352 (1996)). "An actual injury occurs when prison officials hinder efforts to pursue non-frivolous legal claims by 'actively interfering with inmates' attempts to prepare legal documents . . . or file them.'" *Kirschke*, at *2 (quoting *Lewis*, 518 U.S. at 350). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Here, Earick has not clearly alleged an actual injury. While he states that he was "pro-per" in both a criminal case and a civil case challenging the conditions of his confinement, he fails to explain what consequences he faced in those cases because of Brock's alleged denial of postage, copies of legal documents, and legal materials. Earick does not, for example, plead that he had a case dismissed, was unable to file a complaint, or missed any court-imposed deadline.

Furthermore, as Brock points out, Earick did have meaningful access to the courts. Both Earick and Brock attached a copy of a Genesee County Circuit Court register of actions[4] that shows Earick has been consistently represented by counsel in the criminal case for which he is currently confined to jail. *See* ECF No. 15-2, ECF No. 20, PageID.129-138. This belies a claim that Earick was denied access to the courts. *See Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) ("By his own admission, it is clear that counsel was appointed to represent him in both federal and state actions pending against him. As a matter of law, therefore, the state fulfilled its constitutional obligation to provide him with full access to the

---

[4] In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, (3) documents that are a matter of public record, and (4) letters that constitute decisions of a governmental agency. *Thomas v. Noder-Love*, 621 F. App'x 825, 829 (6th Cir. 2015). Here, the register of actions is a public document which may be considered on a motion to dismiss. *See Lyons v. Stovall*, 188 F.3d 327, n.3 (6th Cir. 1999) ("it is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record' ").

courts.").⁵ In sum, Earick has failed to state a plausible claim for denial of access to the courts.

Earick also cites 18 U.S.C. §§ 241, 248, and 1503 in his complaint. However, 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 248 (freedom of access to clinic entrances), and 18 U.S.C. § 1503 (influencing or injuring officer or juror generally) are all criminal statutes that are irrelevant to this action. Even if the statutes cited by Earick were relevant, he is a private citizen who cannot sue to enforce a criminal statute. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-309 (6th Cir. 2004) ("Furthermore, as a private citizen, Kafele has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). Thus, Earick has failed to state plausible claims under 18 U.S.C. §§ 241, 248, and 1503.

V. Conclusion

For the reasons stated above, the undersigned RECOMMENDS Brock's motion to dismiss be GRANTED and the case be DISMISSED.

---

⁵ Similarly, the Sixth Circuit has found that an inmate had meaningful access to the courts in the civil context when he was represented by counsel in the underlying criminal matter for which he was confined. *Martucci v. Johnson*, 944 F.2d 291, 295 (6th Cir. 1991) ("There is, however, nothing in the record to lend support to the presumption that Martucci was barred from discussing his segregated confinement—and the legal implications thereof—with his appointed attorney. The availability of counsel during Martucci's period of pre-trial confinement, coupled with the jailers' unrebutted assertion that they provided inmates with legal materials upon request, defeats Martucci's access to courts claim.").

Dated: March 14, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

9

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2022.

                                          s/Carolyn Ciesla
                                          CAROLYN CIESLA
                                          Case Manager